IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. H-05-1155 |
| 2002 BMW, MODEL X-5, | § § § | |
| Defendant. | § § | |

CONSOLIDATED WITH

| | | |
|---|---|---|
| MINH "JEFF" HUYNH and, NU "CINDY" HUYNH | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-06-0399 |
| UNITED STATES OF AMERICA, FERDINAND "ANDY" LARGE, JOHN HIERONYMUS, RAYMOND D'ALESSIO, and JOHN DOE # 1-10, | § § § § § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER GRANTING PLAINTIFFS' AMENDED MOTION TO SET ASIDE DECLARATION OF FORFEITURE**

Before the Court is Plaintiffs Minh "Jeff" Huynh and Nu "Cindy" Huynh's Amended Motion to Set Aside the Administrative Forfeiture (Document No. 64). Having considered the motion, the United States' response in opposition, the administrative record, and the applicable law, the Court

1

ORDERS,[1] for the reasons set forth below, that the Huynhs' Amended Motion to Set Aside the Administrative Forfeiture (Document No. 64) is GRANTED.

I. **Introduction and Procedural History**

On May 26, 2004, the United States Drug Enforcement Administration ("DEA") seized jewelry, a 2002 BMW Model X-5 ("BMW"), cash, and other personal property from claimants Minh and Nu Huynh (the "Huynhs"). The DEA was acting under 21 U.S.C. § 881, which provides for the forfeiture of property that is used to facilitate or acquired with the proceeds of illegal narcotics trafficking. At the time of the seizure, the DEA provided receipts to the Huynhs for all property that was taken. On July 23, 2004, the DEA began administrative forfeiture proceedings against the various pieces of property by sending seven separate notices of forfeiture to the Huynhs. Five of the notices, including those for the cash and personal property, were addressed correctly and subsequently received by the Huynhs. However, the notices for the jewelry and the BMW were addressed with the incorrect zip code, and were returned to the DEA as undeliverable. The DEA also sent Notices of Seizure for the BMW and the jewelry to Mike DeGeurin, a criminal defense attorney who was representing the Huynhs in the criminal matter relating to the DEA search of their home. However, Mr. DeGeurin did not acknowledge receipt of the notices until over a year later, on August 3, 2005, after receiving an inquiry from the Huynhs' attorney in this case.

The Huynhs made numerous inquiries and claims for the return of the jewelry, personal and business records and the BMW. The DEA, however, found the claims incomplete because they

---

[1] On December 9, 2005, pursuant to the parties' consent, this case was transferred by the District Judge to the undersigned Magistrate Judge for all further proceedings. *See* Document No 38.

2

lacked the Asset Identification Number found on the Notice(s) of Seizure. The DEA sent the Huynhs an additional notice for the BMW on November 17, 2004, thereby enabling the Huynhs to file a claim for the BMW at the administrative level. That administrative claim for the BMW prompted the United States to file a judicial *in rem* forfeiture against the BMW, *United States v. 2002 BMW, Model X-5*, Civil Action Number H-05-1155. An additional notice to the correct address was never sent for the jewelry and, on December 20, 2004, the jewelry was declared administratively forfeited. The Huynhs filed suit under 18 U.S.C. § 983(e), seeking to set aside the declaration of forfeiture as to the jewelry, *Minh Huynh and Cindy Huynh v. United States, et al.*, Civil Action No. H-06-0399. In that same case, the Huynhs alleged claims for violations of their Fourth and Fifth Amendment rights, conversion and trespass to chattel against the United States, three named DEA agents, and several John Doe Defendants, based on the seizure and forfeiture of the jewelry, and the seizure of their personal and business records, $1,000 cash and the personal property that was in the BMW at the time the BMW was seized. As relief, the Huynhs' asked for return of the jewelry or its monetary equivalent, and, in the alternative, damages.

      The two related cases were consolidated by Order entered on February 15, 2006. (Document No. 42). Subsequent to the consolidation, the Huynhs amended their complaint to delete their claims against the individual defendants, and to delete their tort claims against the United States as they related to the seizure and forfeiture of the jewelry. Therefore, the Huynhs' tort claims against the Government relate to the United States' seizure of their personal and business records, the $1,000 in cash, and the personal property that was in the BMW at the time it was seized, none of which has been forfeited and none of which has been returned.

## II. Discussion

In their Amended Motion to Set Aside the Forfeiture, the Huynhs argue that the administrative forfeiture of the jewelry should be set aside because they did not receive the required notice of the forfeiture that would have allowed them to file a claim for the jewelry.[2] The Government, in response, argues that the notice given to the Huynhs was reasonably calculated to provide them with notice of the proposed forfeiture, and was therefore legally sufficient.

### A. Motion to Set Aside Forfeiture

18 U.S.C. § 983 sets forth the rules and procedures that govern civil forfeiture proceedings. As specifically provided for by 18 U.S.C. § 983(e)(5), a motion to set aside the forfeiture is "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." Furthermore, 18 U.S.C. § 983 (e)(1) provides:

> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if-
>
> > (A) the government knew, or reasonably should have known of the moving party's interest and failed to take reasonable steps to provide such party with notice;
> >
> > (B) the moving party did not know or have reason to know of the seizure with sufficient time to file a timely claim.

---

[2] The Huynhs also argue that the administrative forfeiture should be set aside for three other reasons: (1) "the civil forfeiture statutes unconstitutionally create self-funding Executive agencies which are unaccountable to normal democratic processes"; (2) "the Declaration of Forfeiture, entered by the DEA, violates the Huynhs' due process right to a disinterested arbiter"; and (3) "the continued retention of the Jewelry without probable cause to believe that it is connected to illegal narcotics trafficking violates the Huynhs' Fourth Amendment right to be free from unreasonable seizures." Amended Motion (Document No. 64) at 1-2. Upon consideration of the statutory and due process notice issues raised by the Huynhs, the three other argued for bases for setting aside the forfeiture need not be addressed.

4

18 U.S.C. § 983(e)(1). To prevail on a motion to set aside an administrative forfeiture, it must be first shown that the Government failed to take "reasonable steps" to provide notice, as required by due process. The claimant must then also show that "the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim." 18 U.S.C. § 983(e)(1). In addition, due process requires that notice of administrative forfeiture be "reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the forfeiture action and afford them an opportunity to present their objections." *United States v. Robinson*, 434 F.3d 357, 362 (5th Cir. 2005). Moreover, "the means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315, 70 S.Ct. 652 (1950). This actual notice requirement means that notice must be "received and acknowledged" in order to comply with due process and survive a collateral attack. *United States v. Gagliardi*, 201 F.3d 429 (Table) (1st Cir. Mass. 1999); *Bye v. United States*, 105 F.3d 856, 857 (2nd Cir. 1997) (per curium).

In this case, it is undisputed that the notice related to the jewelry was not received by the Huynhs – one notice was incorrectly addressed to the Huynhs, and the other was sent to one of the Huynhs' attorneys, who did not open it or forward it to the Huynhs. The Government argues, primarily in reliance on the case of *Bye v. United States*, 105 F.3d 856 (2nd Cir. 1997), that the notice sent to the Huynhs attorney was legally sufficient and satisfied the requirements of due process. The circumstances at issue in *Bye*, however, are not the same as those at issue herein. *Bye* involved a pretrial detainee who was involved in an ongoing criminal proceeding for which he had retained counsel. The notice of seizure was sent to Bye's criminal defense attorney, who acknowledged its receipt. *Bye*, 105 F.3d at 857. Given counsel's acknowledged receipt of the notice and because his

5

receipt of Bye's legal mail while Bye was incarcerated was reasonable and was to have been anticipated, the Second Circuit Court of Appeals concluded that the notice was "reasonably calculated, in the circumstances, to appraise Bye of the pendency of the administrative forfeiture proceeding and to afford him an opportunity to present his objections." *Id.*

Here, unlike in *Bye*, the Huynhs are not, and have not been incarcerated, and there has not been an indictment or any other criminal proceeding filed against them. *See United States v. Burks*, 49 Fed. Appx. 573, 575 (6th Cir. 2002) ("Due process can be satisfied by mailing notice of a forfeiture to a defendant's criminal attorney while the underlying criminal proceeding is pending."). In addition, the attorney to whom the notice was sent, Mr. DeGuerin, represented the Huynhs with respect to the search of their home and any criminal charges arising out of that search. DeGuerin was not retained to represent the Huynhs with respect to the seizure and forfeiture of their property – attorney Grossberg, who represents the Huynhs herein, was, and he so notified the DEA in writing well in advance of December 20, 2004, when the administrative declaration of forfeiture of the jewelry was made. *See* Exhibits 13 & 15 to Amended Motion (Document No. 64). Attorney Grossberg also informed the DEA in writing, well in advance of the administrative declaration of forfeiture of the jewelry, that the Huynhs had not received a notice for the jewelry. *Id.* Under the circumstances at issue in this case,[3] the notice sent to attorney DeGeurin was not notice to the Huynhs nor was such notice "reasonably calculated" to apprise the Huynhs of the pending forfeiture proceeding.

---

[3] It is also worth noting that the jewelry, in contrast to most of the other items that were seized and for which notice was received, is quite valuable.

18 U.S.C. § 983(a)(1)(F) requires that the Government send written notice to "the person from whom the property was seized." The Government did not properly send, and the Huynhs did not receive, such notice. Despite the fact that two of the seven notices were returned to the DEA as undeliverable, one for the car and one for the jewelry, no further steps were taken to resend the notice for the jewelry to the Huynhs. "A reasonable person presented with a letter that has been returned to sender will ordinarily attempt to resend it if it is practicable to do so." *Mullane*, 339 U.S. at 315. While the "Due Process Clause does not demand actual, successful notice, [ ] it does require a reasonable effort to give such notice." *United States v. Small*, 136 F.3d 1334, 1336-1337 (D.C. Cir. 1998) (finding that the Government had not satisfied due process where the forfeiture notices were returned undelivered and no further steps were taken to locate the claimant even though the Government had knowledge that he was in prison).

The Government argues, in reliance on *Robinson,* that actual receipt is not required to satisfy Due Process. *Robinson*, 434 F.3d 357, 362. However, in *Robinson,* the Government tried numerous times sending the notices to correct addresses. Here, the DEA tried once to send the notice to an address they incorrectly labeled. *Id.* In addition, it was only the notices for the jewelry and the BMW that were incorrectly addressed with the wrong zip code. The BMW notice was, upon its return as undeliverable, re-sent to the correct address. The notice for the jewelry was, unexplainably, not re-sent. Here, given that the notice for the jewelry was addressed incorrectly, and given the filing by the Huynhs of administrative claims to the other property that was seized as well as the Huynhs' efforts to seek information about the jewelry through attorney Grossberg, the Government did not take "reasonable steps" to provide the Huynhs with notice. *See e.g. Barrera-Montenegro*, 74 F.3d 657 (5th Cir. 1996) (setting aside, on notice grounds, an administrative forfeiture where the claimant

was never charged with an offense, the notice mailed to the claimant was returned unclaimed, and an attorney representing the claimant contacted the DEA about the return of the funds but was not informed of the DEA's intent to forfeit the money); *see also Jones v. Flowers*, 126 S. Ct. 1708, 1713 (2006) ("We hold that when mailed notice of a tax sale is returned unclaimed, the State must take additional reasonable steps to attempt to provide notice to the property owner before selling his property, if it is practicable to do so.").

As for the second requirement, that "the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim," 18 U.S.C. § 983(e)(1), the Government seeks to prove the Huynhs "knew" of the seizure because they had received the other five notices in addition to the receipts the DEA provided at the seizure. However, the knowledge must enable the claimant to "file a timely claim". § 983(e)(1)(B). The Huynhs have shown that they tried to use their "knowledge" of their BMW seizure to file a claim without having received notice and were denied because they lacked the Asset Identification Number required to make an effective claim. Subsequently, the Government sent a second notice to the correct address for the BMW, but not the jewelry. Therefore, with respect to the jewelry seized, the Huynhs never had the "knowledge" required to enable them to file a timely claim.

The Government argues that it matters only whether the Huynhs knew the jewelry was in fact seized rather than of the intent to forfeit. However, this understanding of the notice requirement goes against the statutory language of § 983, which explicitly requires written notice. On the declaration of forfeiture, the Government's counsel affirms that in addition to publication, notification was sent to all parties with an interest in the property. This language equates with an understanding that more than mere knowledge of the seizure is required. Therefore, the Huynhs did not know or have reason

8

to know of the seizure of the jewelry such that they could have filed a timely claim for the return of the jewelry.

Upon this record, where both requirements set forth in § 983(e)(1) for the setting aside of a forfeiture have been met, and where the Government's efforts were not reasonably calculated to provide the Huynhs with notice of the intended forfeiture such that a claim could be made for the return of the jewelry, the forfeiture of the jewelry will be set aside, but "without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to the [Huynhs'] interest". § 983(e)(2).

### III.  Conclusion and Order

Based on the foregoing and the conclusion that notice for the seizure of the jewelry did not comply with the statutory requirements or due process, it is

ORDERED that Plaintiff's Amended Motion to Set Aside the Forfeiture (Document No. 64) is GRANTED, and the December 20, 2004 administrative forfeiture of the jewelry at issue herein is SET ASIDE.  This setting aside of the forfeiture is, notwithstanding the expiration of any applicable statue of limitations, without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to the interest of the Huynhs in the jewelry.

Signed at Houston, Texas, this 27th day of February, 2007.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE