UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. H-05-1155 |
| 2002 BMW, Model X-5 | § § | |
| Defendant. | § § | |

CONSOLIDATED WITH

| | | |
|---|---|---|
| MINH "JEFF" HUYNH and NU "CINDY" HUYNH, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. H-06-0399 |
| UNITED STATES GOVERNMENT, | § § § | |
| Defendant. | § § | |

### TRIAL BRIEF REGARDING ATTORNEY'S FEE AWARDS

Minh "Jeff" Huynh and Nu "Cindy" Huynh file this Trial Brief Regarding Attorney's Fee Awards:

I. **Actual billing rates are presumptively reasonable.**

It is "presumptively appropriate" to use an attorney's actual billing rate for comparable work as the market rate in determining the reasonableness of fees charged.[1] The best evidence of the market value of legal services is what people willingly pay for it.[2]

---

[1] See *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996).
[2] See *Stark III. v. PPM America, Inc.*, 354 F.3d 666, 675 (7th Cir. 2004).

In *In re Equity Housing Fund XIV*, Cause No. 01-38740-H4-11, in the United States Bankruptcy Court, Southern District of Texas, Houston Division, Justice Greendyke approved and awarded Marc Grossberg his attorney's fees at his 2002 hourly rate of $450.

In *Dehoyos v. Allstate Corp.*, the Honorable Fred Biery held that the following rates were reasonable: $500 - $550 per hour for senior and lead counsel; $350 - $475 per hour for other counsel and associate attorneys; $130 - $200 per hour for legal assistants.[3]

## II. The Government must make an "extremely strong showing" to defeat a prevailing party's application for reasonable and necessary attorney's fees.

To defeat a prevailing party's application for reasonable and necessary attorney's fees, the Government must make "an extremely strong showing of special circumstances."[4] Furthermore, the trial court's discretion to deny attorney's fees to a prevailing party is "extremely narrow."[5] Failure to award attorney's fees to a party entitled to them is reversible error.[6]

## III. A prevailing party is entitled to recover fees and expenses incurred in the process of preparing its fee affidavit.

A prevailing party's time, effort, and expenses incurred in preparing its fee application are compensable.[7] To deny a supplemental fee request, the defendant must show that it has suffered harm or injury from the filing.[8]

## IV. The Huynhs may properly seek fees incurred on appeal in a limited remand.

---

[3] *DeHoyos v. AllState Corp.*, 240 F.R.D. 269 (W.D. Tex. 2007). A true and correct copy of this case, as downloaded from Lexis, is attached to this Trial Brief. The relevant portions are on page 71.

[4] *Pruett v. Harris Cty. Bail Bond Bd.*, 499 F.3d 403, 417 (5th Cir. 2007), *pet. for cert. pending*, No. 07-697 (2007).

[5] *Id.*

[6] *See id.*; *Staley v. Harris County*, 485 F.3d 305 (5th Cir. 2007) (*en banc*); *Houston Chronicle Publishing Company v. City of League City, Texas*, 488 F.3d 613, 623-24 (5th Cir. 2007); *Kirchberg v. Feenstra*, 708 F.2d 991, 998-999 (5th Cir. 1983).

[7] *See Cruz v. Hauck*, 762 F.2d 1230, 1233-34 (5th Cir. 1985); *Planned Parenthood of Central New Jersey v. Att'y Gen. of the State of New Jersey*, 297 F.3d 253, 268 (3rd Cir. 2002).

[8] *See Cruz*, 762 F.2d at 1237.

The Huynhs are not required to estimate the fees they incur on appeal in order to receive them. Rather, limited remand is appropriate so that prevailing plaintiffs can recover the reasonable and necessary fees and expenses they incurred on appeal. In *Norris v. Hartmarx Specialty Stores, Inc.*, for example, the Fifth Circuit ruled that, "[a] long and consistent line of Fifth Circuit precedent allows awards of attorneys' fees for both trial and appellate work . . . In keeping with these cases, we award Norris attorneys' fees for appeal and we remand to allow the district court to determine the amount of attorneys' fees to be granted to Norris for appellate work."[9]

### Prayer

Minh "Jeff" Huynh and Nu "Cindy" Huynh respectfully pray that this Court award them their reasonable and necessary attorney's fees, and for all other relief to which they may be entitled.

Respectfully submitted,

By:   *Marc Grossberg /s/*
      Marc E. Grossberg
      State Bar No. 08539000
      Southern District No. 5432
333 Clay Street, Suite 3300
Houston, Texas 77002
713.951.5824 (Direct Dial)
832.397.8046 (FAX)

ATTORNEY IN CHARGE FOR
CLAIMANTS MINH "JEFF" HUYNH
AND NU "CINDY" HUYNH

---

[9]   913 F.2d 253, 257 (5th Cir. 1990) (omitting string citation of authorities); *see also Marks v. Prattco, Inc.*, 633 F.2d 1122, 1126 (5th Cir. 1981) ( "The judgment of the district court is affirmed and the case is remanded in order that the district court may fix the amount of attorneys' fees allowable in connection with this appeal.").

OF COUNSEL:

David A. Furlow
State Bar No. 07555580
Southern District No. 9493

Kevin R. Pennell
State Bar No. 24046607
Southern District No. 583414
713.653.8626 (Direct Dial)
832.397.8173 (Fax)

Thompson & Knight LLP
333 Clay Street, Suite 3300
Houston, Texas 77002
713.654.8111
713.654.1871 (Fax)

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above foregoing instrument was automatically served by means of the Court's notice of electronic filing upon all known counsel of record on this 10th day of January, 2008.

Albert Ratliff
Assistant U.S. Attorney
P.O. Box 61129
Houston, Texas 77208-1129

George A. Kurisky, Jr. (courtesy copy)
Amy L. Hebert
1221 Lamar, Suite 1000
Houston, Texas 77010

*Marc Grossberg /s/*
Marc E. Grossberg/Kevin R. Pennell