# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2009

No. 08-20541

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

          Plaintiff-Appellee

v.

MINH HUYNH, also known as Jeff Huynh;
NU HUYNH, also known as Cindy Huynh

          Claimants-Appellants

United States Courts
Southern District of Texas
FILED

AUG 1 4 2009

Clerk of Court

---

NU "Cindy" HUYNH; MINH "Jeff" HUYNH

          Plaintiffs-Appellants

v.

FERDINAND "Andy" LARGE, ET AL.

          Defendants

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-399
USDC No. 4:05-CV-1155

---

Before REAVLEY, WIENER, and SOUTHWICK, Circuit Judges.

No. 08-20541

PER CURIAM:[*]

Plaintiffs-Appellants Nu and Minh Huynh appeal the magistrate judge's judgment on attorneys' fees and costs entered in two consolidated actions: one brought by Plaintiffs to set aside the Government's administrative forfeiture of their jewelry, and the other initiated by the Government seeking judicial forfeiture of Plaintiffs' vehicle. Reviewing the fee award for abuse of discretion and the conclusions of law underlying it *de novo, see Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 297 (5th Cir. 2007), we AFFIRM for the following reasons:

1. We agree with the magistrate judge that Plaintiffs' success on their claim under 18 U.S.C. § 983(e) to set aside the administrative forfeiture of certain jewelry for lack of sufficient notice does not permit the recovery of reasonable attorneys' fees available to a substantially prevailing party under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 28 U.S.C. § 2465(b)(1). Because the requested fee award implicates the Government's sovereign immunity, any waiver of immunity must be "*unequivocally expressed*, with all uncertainties being resolved in favor of the [G]overnment." *Boehms v. Crowell*, 139 F.3d 452, 463 (5th Cir. 1998) (emphasis in original). Moreover, the "American Rule" generally precludes fee-shifting absent "*express* statutory authorization to the contrary." *Id.* By its plain terms, CAFRA's fee-shifting provision applies only to civil proceedings "*to forfeit* property," that is, civil forfeiture actions initiated by the Government. 28 U.S.C. § 2465(b)(1) (emphasis added). *Cf. Carvajal v. United States*, 521 F.3d 1242, 1247 (9th Cir. 2008) (explaining that the parallel provision of CAFRA providing for payment of interest, § 2465(b)(1)(C), "is triggered *only* when the government institutes civil forfeiture proceedings" and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the party seeking fees "substantially prevails" (emphasis in original)). Plaintiffs' claim, in contrast, seeks to *set aside* a forfeiture that has already occurred. 18 U.S.C. § 983(e). Far from unequivocally and expressly authorizing Plaintiffs' fee request, the statutory language of § 2465(b)(1) clearly does not apply to their action pursuant to 18 U.S.C. § 983(e).

2. Contrary to Plaintiffs' assertion, adherence to the plain text of § 2465(b)(1) does not create absurd results. Unlike a successful defense against a Government-initiated judicial forfeiture action, a claim to set aside an administrative forfeiture neither resolves the substantive merits of the forfeiture nor prevents the Government from seizing the property again. *See* 18 U.S.C. § 983(e)(1)(A) & (B) (limiting the grounds for setting aside administrative forfeiture to instances where the government failed reasonably to provide notice and the moving party neither knew nor had reason to know of the seizure within sufficient time to file a claim); § 983(e)(2)(A) (noting the exclusive remedy is to set aside the forfeiture without prejudice to the government's commencement of a forfeiture proceeding); *Mesa Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005) (agreeing with the government that the complainant's merits-based challenge to the forfeiture can only be resolved in a civil judicial forfeiture proceeding, since challenges under § 983(e) are limited to "the process of forfeiture"). This distinction between the permanence and degree of relief obtained logically supports a corresponding difference in the availability of attorney's fees under CAFRA.

3. The magistrate judge also correctly rejected Plaintiffs' request pursuant to § 2465 for attorneys' fees in connection with the civil action to forfeit their BMW sports-utility vehicle, a claim that the Government voluntarily dismissed without prejudice. The judge's finding of deficient notice with respect to Plaintiffs' jewelry did not constitute a finding that the notice as to the vehicle was also insufficient, because the latter issue was not actually or necessarily

decided due to the Government's dismissal of the action and return of the vehicle to Plaintiffs. *See, e.g., Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co. of Am.*, 272 F.3d 276, 279 (5th Cir. 2001) (explaining that law of the case applies only to issues "that were actually decided" or were "decided by necessary implication" (internal quotation marks omitted)); *In re Gober*, 100 F.3d 1195, 1200 n.2 (5th Cir. 1996) (defining collateral estoppel as barring "relitigation of issues that were actually litigated and decided in a previous action"). Nor does the Government's dismissal without prejudice bestow prevailing party status on Plaintiffs because it effected no "change in the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605, 121 S. Ct. 1835, 1840 (2001); *see also, e.g., RFR Indus., Inc. v. Century Steps, Inc.*, 477 F.3d 1348, 1353 (Fed. Cir. 2007) (reasoning that voluntary dismissal that leaves the plaintiff free to refile his claim effects no change in the parties' legal relationship). The return of Plaintiffs' car did nothing to prevent the Government from seizing it again. Additionally, the court entered no order with respect to the car addressing the merits of the forfeiture claim prior to its voluntary dismissal. Without the "necessary judicial imprimatur," Plaintiffs cannot establish prevailing party status as to this action. *Buckhannon*, 532 U.S. at 605, 121 S. Ct. at 1840 (emphasis removed).

4. We also find no abuse of discretion in the amount of attorneys' fees and costs awarded to Plaintiffs for prevailing on their claim related to the jewelry under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) and 28 U.S.C. § 1920. Under well-established law, the district court had no jurisdiction to resolve challenges to seizure of the jewelry except for its compliance with procedural and due process requirements. *See Bailey v. United States*, 508 F.3d 736, 738–39 (5th Cir. 2007) (explaining that the district court's jurisdiction at this juncture is limited to "whether the forfeiture comported with constitutional *due process* guarantees," which, in turn, require notice reasonably calculated to apprise the

No. 08-20541

complainant of the forfeiture action and an opportunity to object (internal quotation marks and citation omitted) (emphasis added)); *United States v. Schinnell*, 80 F.3d 1064, 1069 (5th Cir. 1996) (limiting jurisdiction to review of compliance with "procedural requirements or to comport with due process"). Thus, fees incurred by Plaintiffs for attacking the constitutionality of the forfeiture statutes as a whole under the Appropriations Clause and the separation-of-powers doctrine, over which the district court clearly lacked jurisdiction, were appropriately excluded. As for Plaintiffs' entitlement to costs associated with the deposition of a witness, their failure affirmatively to request those expenses in their initial motion below waives any right to recovery.

    AFFIRMED.